# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

<table>
<tr><td>

**JORGE ADALBERTO SANCHEZ GALAN,**

          **Petitioner,**

        **v.**

**TODD BLANCHE,** *et al.*,

          **Respondents.**

</td><td>

**Case No. 26–cv–09570–ESK**


**OPINION AND ORDER**

</td></tr>
</table>

**THIS MATTER** is before the Court on petitioner Jorge Adalberto Sanchez Galan's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition).  (ECF No. 1.)  Respondents oppose the Petition.  (ECF No. 6.)

1.    Petitioner is a citizen of Mexico.  (ECF No. 1 ¶ 19.)  He entered the United States without inspection in 2006.  (*Id.*)

2.    On July 26, 2026, petitioner was charged with aggravated assault in violation of N.J.S.A. 2C:12–1(b)(1).  (ECF No. 6–1 p. 2.)

3.    Immigration and Customs Enforcement (ICE) issued a detainer against petitioner, and petitioner was transported to the Elizabeth Detention Facility after his arrest.  (ECF No. 6 p. 2.)  This Petition followed on July 29, 2026.  (ECF No. 1.)[1]

4.    Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

5.    Respondents argue that petitioner's detention is mandatory pursuant to the Laken Riley Act, which amended 8 U.S.C. § 1226(c) to mandate detention of noncitizens who are inadmissible and are charged with, or arrested

---

[1] Petitioner did not disclose his criminal charges in the Petition, stating only that he had "no open warrants or criminal history that would change circumstances to warrant his arrest and removal outside the District of New Jersey."  (ECF No. 1 ¶ 27.)

for, "acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. §1226(c)(1)(E). They further argue that I lack jurisdiction to determine whether §1226(c) applies to petitioner. (ECF No. 6 p. 3 (citing 8 U.S.C. §1226(e)).)

6.  I reject respondents' assertion that I have no jurisdiction to determine the applicability of §1226(c). Section 1226(e) deprives district courts of jurisdiction over "[t]he Attorney General's *discretionary* judgment regarding the application of this section … ." (Emphasis added). The question before me now is a purely legal question regarding §1226(c)'s applicability to petitioner's charges. If §1226(c) governs, then petitioner's detention is mandatory.   There is no exercise of discretion.

7.  "[L]egal interpretation, ... has been, 'emphatically,' 'the province and duty of the judicial department' for at least 221 years." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024) (quoting *Marbury v. Madison*, 1 Cranch 137, 177, 2 L. Ed. 60 (1803)). Accordingly, §1226(e) does not remove my jurisdiction over the claims raised in the Petition.

8.  Detention is mandatory if a noncitizen "is charged with … any crime that *results* in death or serious bodily injury to another person … ." 8 U.S.C. §1226(c)(1)(E)(ii) (emphasis added).   The criminal complaint alleged petitioner "commit[ted] aggravated assault by *attempting* to cause serious bodily injury to the victim specifically by punching her in the face multiple times causing facial swelling and facial fractures, pain to the back of her head and neck, and [biting] her lip causing it to bleed." (ECF No. 6–1 p. 2 (emphasis added)); *see also* N.J.S.A. 2C:12–1(b)(1) ("A person is guilty of aggravated assault if the person attempts to cause serious bodily injury to another … .")

9.  An act that attempts to cause serious bodily injury is different than an act that results in serious bodily injury. *See Lopez v. McShane*, No. 26–cv–00771, 2026 WL 767779, at *3 (E.D. Pa. Mar. 18, 2026) ("The Government concedes that the list of crimes that would subject an individual who is inadmissible to mandatory detention under the Laken Riley Act does not include attempt offenses.") Therefore, I conclude that §1226(c) does not require petitioner's mandatory detention.

10.  Respondents argue in the alternative that petitioner's detention is required by 8 U.S.C. §1225(b)(2) because petitioner "is a noncitizen who entered without admission or parole after inspection and was detained by immigration authorities in the interior of the country without having been lawfully admitted. As such, he is an 'applicant for admission' who is not entitled to a bond hearing." (ECF No. 6 p. 4.)   I reject this argument as well.

11.     I conclude that petitioner is being unlawfully detained under §1225 because petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under §1226, which requires an opportunity to seek bond.  *See Ayala Amaya v. Bondi*, No. 25–cv–16428, 2025 WL 3033880, at *2–3 (D.N.J. Oct. 30, 2025).

Accordingly,

**IT IS** on this    **11th** day of **August 2026**   **ORDERED** that:

1.     Petitioner's Petition is **GRANTED**.  Respondents shall provide petitioner with an individualized bond hearing pursuant to 8 U.S.C. §1226(a) before an immigration judge within 7 days of this Order.   Respondents shall provide the immigration court a copy of this Opinion and Order prior to the hearing.

2.     Petitioner, or his counsel, shall have notice of the bond hearing, a reasonable opportunity to prepare, and be permitted to reschedule the hearing without seeking this Court's intervention.   The hearing may be rescheduled outside of the 7-day period at petitioner's request.

3.     The Clerk shall **CLOSE** this case.

_/s/ Edward S. Kiel_
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

3